# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 1:97CR00040-002 |
| v. | ) **OPINION** |
| | ) |
| STEVEN BLAKE DAVIS, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Charlene R. Day, Assistant United States Attorney, Roanoke, Virginia, for United States; Christine Madeleine Lee, Office of the Federal Public Defender, Roanoke, Virginia, for Defendant.*

Steven Blake Davis, a federal inmate, was sentenced by this court in 1998 to 40 years in prison — based on an upward departure from a 120 to 150 month guideline range — for conspiring in prison with another inmate and a corrections officer to distribute controlled substances. He now moves for a sentence reduction pursuant to Amendment 782 of the U.S. Sentencing Guidelines Manual ("USSG"), USSG § 1B1.10, and 18 U.S.C. § 3582(c)(2).[1] Davis has already served 209 months (approximately 17 and one-half years) on his sentence.

The government concedes that Davis is eligible for a reduction, but objects to a reduction on the grounds that a lowered sentence would not adequately

---

[1] Although Davis did not technically file a motion for a sentence reduction, I will consider his response to the government's opposition as such a motion.

represent the nature and circumstances of the offense, or the history and characteristics of the defendant. Based on the competing factors in this case, including Davis's age and the amount of time he has already served, balanced with his serious criminal history, I will reduce Davis's sentence to 265 months.

I.

On April 30, 2014, the U.S. Sentencing Commission submitted to Congress a proposed amendment to the sentencing guidelines that would revise the guidelines applicable to drug trafficking offenses, effective November 1, 2014. The drug amendment, designated Amendment 782, generally reduces by two levels the offense levels assigned to the drug quantities described in U.S.S.G. § 2D1.1. The amendment does not apply to career offenders and is subject to any applicable statutory mandatory minimum sentences.

In July 2014, the Commission voted to apply Amendment 782 retroactively beginning November 1, 2014. However, in order to give the courts, probation officers, and the Bureau of Prisons time to process motions for sentence reductions and to prepare release plans for offenders affected by the amendment, the Commission required that any sentence reduction based on retroactive application of Amendment 782 not take effect until November 1, 2015, or later. Therefore, offenders affected by the retroactive application of Amendment 782 cannot be released before November 1, 2015.

My application of Amendment 782 is guided by statutory authority and the Guidelines Manual. 18 U.S.C. § 3582(c)(2) provides that, where a defendant has been sentenced to a term of imprisonment based on a guidelines range that was subsequently lowered by the Sentencing Commission, the court is authorized to reduce the term of imprisonment upon a motion of the defendant or on its own motion. In resentencing the defendant, the court must consider the factors in § 3553(a) to the extent they are applicable. *Id.* Further, the court must consider whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.*

## II.

On July 6, 1998, following his conviction by a jury, Davis was sentenced to 480 months imprisonment for conspiring to distribute controlled substances in violation of 21 U.S.C. § 846. At the time of the offense, Davis was incarcerated in a state correctional facility. The evidence at trial showed that Davis conspired with a corrections officer and another inmate to receive two packages containing approximately 10.83 grams of cocaine, 3.41 grams of marijuana, 1.16 grams of methamphetamine, and 10 Diazepram tablets. (Sentencing Tr. 6, ECF No. 121-2.) Davis's co-conspirators, the corrections officer and the inmate, received sentences of 28 months and 265 months, respectively.

Based on the corrections officer's testimony that the conspiracy lasted 146 weeks, and that there was on average at least one package sent per week, the court found by a preponderance of the evidence that the total drug amount applicable to Davis was 242 kilograms, resulting in a base offense level of 26. (*Id.* at 35-38.) With a Criminal History Category of VI, Davis's guideline range was 120 to 150 months.

The sentencing judge found that the Criminal History Category of VI did not adequately reflect the seriousness of Davis's criminal history, however, and departed upward pursuant to USSG § 4A1.3. The court noted that, among a number of prior convictions, Davis had been convicted in 1979 of conspiring to deliver drugs to an inmate — conduct similar to the instant offense. Although such conduct would indicate a greater risk of recidivism, it was too remote in time to be counted in the criminal history category computation. (*Id.* at 39.) Considered with the fact that Davis had been also convicted of the death of his passenger in a car wreck in 1988, the court found that he should be considered as if he were a Career Offender under USSG § 4B1.1, despite the fact that his prior convictions did not actually qualify him for that status. Referring to the Career Offender scoring of a Total Offense Level of 37 and a Criminal History Category of VI, with a resulting guideline range of 360 months to life, the court sentenced Davis to 480 months imprisonment.

III.

The court may reduce the term of imprisonment of a defendant made eligible under § 1B1.10, "after considering the factors set forth in section 3553(a) to the extent they are applicable." 18 U.S.C. § 3582(c)(2). "Whether to reduce a sentence and to what extent is a matter within the district court's discretion." *United States v. Smalls*, 720 F.3d 193, 195 (4th Cir. 2013). In addition to the § 3553(a) factors, the court may consider public safety concerns as well as the defendant's post-sentencing conduct. USSG § 1B1.10 cmt. 1(B) (ii), (iii).

The government contends, based on Davis's extensive criminal history, the nature of the offense, and Davis's post-sentencing conduct, that the court should exercise its discretion by denying Davis's motion for a sentence reduction. As the government points out, Davis had numerous prior convictions, including 17 counts of burglary, several assaults, and the second-degree felony homicide based on a car accident caused while Davis was fleeing from police.[2] Further, Davis had previously been convicted based on conduct similar to the instant offense — distributing controlled substances while incarcerated. Indeed, since his first burglary conviction at the age of 14, Davis appears to have been either involved in crime or incarcerated on a continual basis. These factors indicate a risk of

---

[2] While the crash was an accident, Davis was driving after having been declared a habitual offender and thus could properly be convicted of second-degree homicide. *Davis v. Commonwealth*, 404 S.E.2d 377, 380 (Va. Ct. App. 1991). Davis was sentenced to 8 years imprisonment for this crime. *Id.* at 378.

recidivism and thus a potential threat to public safety.  *See* USSG § 1B1.10 cmt. 1(B)(ii).

On the other hand, there are other factors that militate in favor of a reduction.  Davis is now 62 years old, and "studies demonstrate that the risk of recidivism is inversely related to an inmate's age."  *United States v. Howard*, 773 F.3d 519, 533 (4th Cir. 2014) (citing various reports).  Further, although Davis's criminal history is indeed extensive, much of his criminal conduct was driven by substance abuse problems, which he has sought to rectified with drug treatment within the Bureau of Prisons.[3]  It is also worth noting that, although the sentencing court treated Davis as a Career Offender, it is undisputed that he did not actually qualify as one, since at least one of the predicate convictions was too remote in time.

Ultimately, Davis received a 40-year sentence — four times the guideline range of 120 to 150 months — for a non-violent drug offense.  Since Davis was 44 years old at the time of sentencing, he may as well have been sentenced to life in prison.  Though the offense conduct was undoubtedly serious, Davis was more akin to a "run-of-the-mill drug dealer" than a "notorious drug lord at the top of an unremittingly violent and widespread organization."  *Id.* at 533.  Further, aside from Davis's criminal history, the sentencing court did not articulate any of the

---

[3]  According to Davis's counsel, Davis has not once tested positive for controlled substances during his 17 plus years of incarceration.

-6-

Case 1:97-cr-00040-JPJ   Document 122   Filed 06/29/15   Page 6 of 8   Pageid#: 253

other required factors pursuant to 18 U.S.C. § 3553(a) prior to departing upward. *See id.* at 535 (stating that, prior to upward departure based on criminal history, court must consider whether sentence will "reflect the seriousness of the offense and provide just punishment, afford adequate deterrence to criminal conduct, protect the public from the defendant's crimes, and provide the defendant with rehabilitation").

Moreover, though the government asserts that Davis's post-sentencing conduct should preclude a reduction, his disciplinary record consists of four fairly minor infractions over the last 17 and one-half years — a scuffle with a fellow inmate in 2014, refusing to provide a urine sample on one occasion in 2007, possessing a cut of pork shoulder in violation of prison rules in 2004, and making uncouth comments regarding the attractiveness of a female corrections officer in a telephone conversation with an outside party in 2002. (Incident Reports, ECF No. 121-1.) Such a disciplinary record is not sufficiently serious to preclude a reduction.[4]

For these reasons, I conclude that a reduction is appropriate in this case. Davis requests a sentence of 120 months, the statutory mandatory minimum sentence, which would result in a sentence of time served. A proportionate

---

[4] In addition, Davis has been employed in prison in one shop for more than 50 months, and his UNICOR foreman writes that he "has an excellent attitude toward his work and is a positive influence on his co-workers." (Gladston Letter, Mar. 30, 2015, ECF No. 121-4.)

-7-

Case 1:97-cr-00040-JPJ   Document 122   Filed 06/29/15   Page 7 of 8   Pageid#: 254

reduction from Davis's 480-month sentence based on the new guideline range of 120 to 125 months would yield a term of 400 months. Based on the competing factors in this case, and considering the § 3553(a) factors as well as Davis's post-sentencing conduct, I find that a term of 265 months is appropriate. That sentence reflects the seriousness of his offense, his criminal history, his post-sentencing conduct, as well as the public safety. It will not produce his release in the near furture, but will allow him to return to society at an age when recidivism is unlikely.

VI.

For these reasons, the defendant's motion for a sentence reduction (ECF No. 121) will be granted and the defendant's sentence reduced to 265 months. A separate Order will be entered herewith.

DATED: June 29, 2015

/s/ James P. Jones
United States District Judge